**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

CLARENCE ROULHAC,         )
                        )
      Plaintiff,         )
                        )
v.                     )      Civil Action No. 3:13CV848–HEH
                        )
R. McDONNELL, *et al.*,      )
                        )
      Defendants.     )

**MEMORANDUM OPINION**
**(Dismissing Without Prejudice 42 U.S.C. § 1983 Action)**

Clarence Roulhac, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this 42 U.S.C. § 1983 action.[1] The matter is before the Court for evaluation pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A.

**A.    Preliminary Review**

Pursuant to the Prison Litigation Reform Act ("PLRA"), this Court must dismiss any action filed by a prisoner if the Court determines the action: (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see also* 28 U.S.C. § 1915A. The first standard includes claims premised upon "'indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)). The second standard is analyzed under the familiar requirements of Fed. R. Civ. P. 12(b)(6).

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin,* 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *See Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin,* 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Bell Atl. Corp.,* 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must

"allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B.     Summary of Allegations

In a rambling and incoherent Complaint, Roulhac alleges: "unconstitutional confinement by the State of Virginia."[2] (Compl., ECF No. 1, at 4.) Roulhac explains that he "was convicted October 28, 1992, in the Circuit Court for the City of Portsmouth, Virginia of Second Degree Murder, Va. Code § 18.2–32, [and sentenced] to twenty (20) years in prison, and Arson, Va. Code § 18.2–77, [and sentenced] to fifty (50) years, a total of seventy years in prison." (*Id.*) Roulhac then cites purported errors by state courts in overseeing his criminal prosecution and related proceedings. For example, Roulhac alleges that the Circuit Court for the City of Portsmouth ("Circuit Court") "lacked jurisdiction to sentence Plaintiff," thereby committing "fraud upon the court," "was plainly wrong for failing to entertain Plaintiff's Motion to Vacate Judgment," (*id.* at 4a) and the "Clerk for the Supreme Court of Virginia was plainly wrong for allowing a complete miscarriage of justice to go uncorrected made by the Portsmouth Circuit Court . . . ." (*Id.*)

---

[2] The Court corrects the spacing, capitalization, and punctuation in quotations from Roulhac's submissions.

3

Roulhac has also filed three Motions to Amend his Complaint (ECF Nos. 14, 15, 17) and a Motion to Amend Sworn Statement (ECF No. 16). In the Motions to Amend, Roulhac seeks to increase the amount of damages that he seeks. Roulhac further argues, although incoherently, that the Virginia courts lacked jurisdiction to convict him, violated *ex post facto* laws (First Mot. to Amend, ECF No. 14, at 1), "conspire[d] to commit extrinsic fraud" (Second Mot. to Amend, ECF No. 15, at 1), and that the Virginia courts are "continuously denying Roulhac due process and equal protection of law" because he received an unlawful sentence. (Third Mot. to Amend, ECF No. 17, at 2.) Roulhac claims that the Defendants violated an array of laws and constitutional rights including "the Ex Post Facto Clause," state law, and "U.S. Const. Article 1, §§ 9 & 10, Amendments 1st, 5th, 8th, and 14th." (*Id.* at 3.) The Court has reviewed Roulhac's additional argument and finds that it fails to alter the Court's conclusion that Roulhac's claims are legally frivolous. Nevertheless, the Motions to Amend (ECF No. 14, 15, 17) and the Motion to Amend Sworn Statement (ECF No. 16) will be granted.

Roulhac urges the Court to vacate his convictions, "immediately release [him] from confinement," (Third Mot. to Amend at 3), and [award him] ten million dollars from each defendant. (Second Mot. to Amend at 1.)

C.    Analysis

"[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. Roulhac fails to mention any of the Defendants in the body of the complaint, much less explain how they were personally involved in the deprivation of his constitutional rights. "Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed,

even under the liberal construction to be given pro se complaints." *Potter v. Clark*, 497 F.2d

1206, 1207 (7th Cir. 1974) (citing *Brzozowski v. Randall*, 281 F. Supp. 306, 312 (E.D. Pa.

1968)). For this reason alone, Roulhac's claims will be dismissed.

Moreover, assuming *arguendo* Roulhac sufficiently alleged that Defendants had personal

involvement in the deprivation of his constitutional rights, his claims are barred by *Heck v.*

*Humphrey*, 512 U.S. 477 (1994).

The basic premise of Roulhac's claims, namely the notion that he may seek, through a

civil suit, the vacation or alteration of his criminal convictions and sentence as well as monetary

damages stemming from the purportedly improper incarceration, "is legally frivolous under *Heck*

*v. Humphrey*, 512 U.S. 477 (1994), and related cases." *Payne v. Virginia*, No. 3:07cv337, 2008

WL 1766665, at *2 (E.D. Va. Apr. 17, 2008).

In *Heck*, the Supreme Court emphasized that civil tort actions are "not appropriate

vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 512 U.S. at 486.

The Supreme Court then held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or
> imprisonment, or for other harm caused by actions whose unlawfulness would
> render a conviction or sentence invalid, a [civil rights] plaintiff must prove that
> the conviction or sentence has been reversed on direct appeal, expunged by
> executive order, declared invalid by a state tribunal authorized to make such
> determination, or called into question by a federal court's issuance of a writ of
> habeas corpus, 28 U.S.C. § 2254.

*Heck*, 512 U.S. at 486-87 (internal footnote omitted). The Supreme Court then required that

"when a . . . prisoner seeks damages in a [42 U.S.C.] § 1983[ ] suit, the district court must

consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of

his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can

demonstrate that the conviction or sentence has already been invalidated." *Id.* at 487.

In *Edwards v. Balisok*, the Supreme Court extended *Heck* to civil rights actions that do not directly challenge confinement, but instead contest procedures which necessarily imply unlawful confinement. *See* 520 U.S. 641, 646 (1997). The Supreme Court has explained that *Heck* and its progeny teach that:

> [A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

With the legal framework in mind, the first question this Court must examine is whether Roulhac's claims necessarily imply the invalidity of his sentence. *Heck*, 512 U.S. at 487. Roulhac requests "immediate[ ] release from confinement," (Third Mot. to Amend at 3), and ten million dollars from each defendant for purported errors surrounding his criminal prosecution and related proceedings. (Second Mot. to Amend at 1.)

Roulhac does not articulate, and the Court cannot discern, how he could both prevail on such claims and not simultaneously invalidate the fact of his confinement. *See Edwards*, 520 U.S. at 648; *Heck*, 512 U.S. at 479, 481, 490 (concluding alleged due process violations barred in § 1983); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (holding that when "the relief [a prisoner] seeks is a determination that he is entitled to immediate release or a speedier release from [custody], his sole federal remedy is a writ of habeas corpus").

Because success on his claims necessarily implies invalid confinement, under the second prong of the *Heck* analysis, Roulhac must demonstrate a successful challenge to his current conviction. *Heck*, 512 U.S. at 487. Roulhac presents no allegation that the state court has

6

invalidated his current convictions or sentence. *Id.* at 486-87. Thus, *Heck* also bars Roulhac's

claims.

**D.      Conclusion**

Accordingly, Roulhac's claims and the action will be dismissed without prejudice as

legally frivolous. The Clerk will be directed to note the disposition of the action for the purposes

of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.


_____  /s/ _____
                                        Henry E. Hudson
Date: *April 2 2015*                    United States District Judge
Richmond, Virginia